# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| GERARD J. PUGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | CV419-113 |
| | ) | |
| SAM OLSEN, Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Gerard Pugh has filed this petition for *habeas corpus* relief, pursuant to 28 U.S.C. § 2254. *See* doc. 1. He has also filed a "Motion Finding Facts and Conclusion Law." Doc. 2. His petition for *habeas* relief should be dismissed and his "motion" denied as moot. Pugh wants "to be free from the conviction which is a miscarriage of justice," but also wants "the sum of (50) fifty million [presumably, dollars] for the state ruining my basketball and baseball career . . . ." Doc. 1 at 11.

This Court lacks jurisdiction to consider Pugh's petition because it is successive. Section 2244(b)(3)(A) requires that "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.*

District courts "lack[ ] jurisdiction to decide a second or successive petition filed without [the court of appeals'] authorization." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014). Consequently, "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Smalls v. St. Lawrence*, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012). Pugh's current petition is indisputably successive, *see Pugh v. Smith*, 465 F.3d 1295 (11th Cir. 2006), and his petition does not indicate that he has received authorization from the Eleventh Circuit to file it.

Although he is barred from seeking successive *habeas* relief absent authorization from the Eleventh Circuit, his petition also seeks monetary damages. Monetary relief is not available in a *habeas* case, however. *See, e.g., Furnace v. Giurbino*, 836 F.3d 1019, 1026 (9th Cir. 2016) ("Habeas, by its very nature, is an action to challenge 'the fact or length of custody' for which the remedy is release from custody, *Wolff v. McDonnell*, 418 U.S. 539, . . . (1974); it is not an action in damages, *Preiser v. Rodriguez*, 411 U.S. 475, 494 . . . (1973)."); *Harvey v. Corbin*, 2011 WL 4369828 at *1 n. 4 (S.D. Ga. Aug. 12, 2011) ("To the extent that Petitioner seeks to recover

monetary damages . . . , he must file a separate § 1983 case, as he cannot assert such a § 1983 claim alongside his habeas corpus claims in this action." (cite omitted)).  Pugh must, therefore, file any claim for monetary relief as a separate § 1983 action.  To do so, he must either pay the Court's filing fee or move to proceed *in forma pauperis* (IFP).  The Clerk is **DIRECTED** to provide copies of the Court's form for § 1983 complaints (Form Pro Se 15) and to proceed IFP (AO Form 240).  Since any § 1983 claim Pugh wishes to assert is independent of the *habeas* claim asserted here, any such Complaint will commence a new civil case.

Accordingly, Pugh's petition for *habeas* relief, pursuant to 28 U.S.C. § 2254 should be **DISMISSED** as successive and his motion for findings should be **DENIED as moot**.  Doc. 2.  Any claims for monetary damages, asserted in the context of his habeas petition, should be **DISMISSED** without prejudice.  Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability

when it enters a final order adverse to the applicant.") (emphasis added).
And, as there are no non-frivolous issues to raise on appeal, an appeal
would not be taken in good faith.   Thus, IFP status on appeal should
likewise be **DENIED**.   28 U.S.C. § 1915(a)(3).

This report and recommendation (R&R) is submitted to the district
judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this
Court's Local Rule 72.3.   Within 14 days of service, any party may file
written objections to this R&R with the Court and serve a copy on all
parties.   The document should be captioned "Objections to Magistrate
Judge's Report and Recommendations."   Any request for additional time
to file objections should be filed with the Clerk for consideration by the
assigned district judge.

After the objections period has ended, the Clerk shall submit this
R&R together with any objections to the assigned district judge.   The
district judge will review the magistrate judge's findings and
recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).   The parties are
advised that failure to timely file objections will result in the waiver of
rights on appeal.   11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648

F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 23rd day of May, 2019.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia