# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

GERALD J. PUGH, )
    Petitioner, )
)
v. ) CV419-113
)
SAM OLSEN, )
    Respondent. )

## **ORDER**

*Pro se* petitioner seeks reconsideration of the Court's denial of his request for the appointment of counsel. Doc. 8. He brings the same arguments previously evaluated, and rejected, in the Court's Order denying appointment of counsel. *Compare* docs. 5 & 8.

A Fed. R. Civ. P. 59(e) motion for reconsideration may be granted based only on newly-discovered evidence or to correct manifest errors of law or fact. *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). Rule 59(e) motions may not be used to "relitigate old matters, raise argument or present evidence that should have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

Pugh's "motion relie[s] on no newly-discovered evidence and demonstrate[s] no manifest error of law or fact" in the court's order. *The Bedtow Grp. II, LLC v. Ungerleider*, 684 F. App'x 839, 843 (11th Cir. 2017). As he has been told before, "[t]here is no constitutional right to counsel in habeas proceedings." Doc. 7 at 1 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)); *Hooks v. Wainwright*, 775 F.2d 1433, 1438 (11th Cir. 1985) ("there is no automatic right to representation in a federal habeas corpus proceeding."). Indeed, court-appointed counsel in habeas cases is warranted only in "'exceptional circumstances.'" Doc. 7 at 2 (citing *Dean v. Barber,*). Yet Pugh points to no exceptional circumstances warranting the appointment of counsel at public expense. *See* doc. 8.

Pugh again complains that an attorney would be better able to litigate his case, and that as a layman he feels ill-equipped and at a disadvantage to "fight". Doc. 8 at 2. He also accuses the Court of "discrimination," "bias and prejudice toward [an] African American who cannot afford [an] attorney." *Id*. at 3. But Pugh misunderstands: in this Circuit, the relevant question is *only* whether "exceptional circumstances" warranting appointment of counsel exist (*e.g.*, a petitioner faces the death penalty, *see* 18 U.S.C. § 3599(a)(1)), not whether an attorney might be

useful for nuanced argument or case development. Pugh's motion for reconsideration (doc. 8) is **DENIED**.

**SO ORDERED**, this __17th__ day of June, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA